H. M. Heittner shipped a carload of horses from Taylor to Waskom, Texas, over the lines of the International Great Northern Railroad Company and the Texas Pacific Railway Company. When the shipment reached its destination some of the animals were injured, and thereafter Heittner brought this suit against the International Great Northern Railroad Company for damages; and, from a verdict and judgment in his favor, the company has appealed.
The testimony complained of in the first assignment of error was not admissible, but it added nothing to what had already been proved, and affords no ground for reversal.
As the shipment was made under a written contract which limited the defendant's liability to its own line, we hold that error was committed in refusing requested instruction No. 2, specifically declaring the effect of that provision of the contract and advising the jury that the defendant was not liable for such injuries, if any, as were inflicted after the shipment was delivered to the connecting carrier. The court's charge on that subject was not as specific and definite as the requested instruction. *Page 619 
We also sustain the fourth assignment of error which complains of the verdict, because it was shown that the plaintiff had failed to comply with the stipulation in the contract requiring him to give written notice of his claim for damages within ninety-one days. It affirmatively appears from the plaintiff's own testimony that he failed to give such notice to the defendant. He submitted testimony tending to show that the agent of the Texas Pacific Railway at Waskom, at his instance, prepared a written notice of his claim for damages, and forwarded it to the headquarters of that company; but the testimony fails to show that that company or its agent at Waskom was the agent or representative of the defendant, the International Great Northern Railroad Company. The trial court submitted to the jury the question of the defendant's waiver of the written notice required by the contract, but we fail to find any testimony to support a finding of such waiver. There is testimony tending to show such waiver by the Texas 
Pacific Railway Company, but not by the International Great Northern Railroad Company. In reaching this conclusion, we have not overlooked the plaintiff's testimony where he stated that in about 35 days after the damage accrued he returned to Taylor, interviewed appellant's agent with whom the contract was made, and told him that all of the horses were damaged, to which the agent replied that he had received notice from the company to that effect. It is quite manifest from the plaintiff's testimony that he went to the agent referred to, not to give written notice of his claim for damages, but for another purpose, and that the reference to damages was merely incidental and that what was said by the agent on that subject did not induce the plaintiff to forego the presentation of written notice, as required by the contract.
After stating that the railroad agent at Waskom required him to pay about $9 excess on freight charges, which was afterwards refunded to him by appellant's agent at Taylor, and after detailing what was done by himself and the agent of the connecting carrier at Waskom to ascertain the extent of the injury, and in the preparation and forwarding the written notice which he said that agent forwarded to the headquarters of that company, he said; "I came back to Taylor to collect this money from the agent there, McKay, and asked him about the money they made me pay over there in Waskom on the horses. I said, 'All my horses got damaged on account of your giving me too large a car.' He said, 'Well, I didn't think a foot of room would make any difference, but I got notice from the Company that your horses were damaged.' " But the plaintiff did not testify that the remark of the agent referred to influenced him in any wise in reference to presenting or asserting his claim against the appellant. On the contrary, he stated that he did not know at that time that it was necessary to give written notice; and also stated, as a further reason for not giving such notice, that he was sick most of the time and was waiting to hear from the agent at Waskom.
In order to establish a waiver on the part of the defendant it was necessary for the plaintiff to submit proof tending to show that appellant or one of its agents did something calculated to induce him to believe that it would not insist upon the stipulation of the contract requiring written notice. Instead of showing that the statement of appellant's *Page 620 
agent at Taylor, to the effect that he had received information from the company that the plaintiff's horses were damaged, influenced him in the course thereafter pursued he assigned other and different reasons by which he was influenced. Hence we hold that the proof of waiver was insufficient.
We also hold that the stipulation in the contract requiring written notice of the claim for damages within ninety-one days was reasonable. The plaintiff's own testimony shows that before half of the time had expired he returned to Taylor and presented another claim to appellant's agent with whom the contract was made; and we can perceive no reason why he could not at the same time have presented his claim in writing for damages to his horses.
The assignments which complain of the court's charge are overruled, except the one which involves the contention that the question of waiver should not have been submitted to the jury.
Upon another trial it may be that the plaintiff will be able to submit other testimony relating to the question of waiver; and therefore the judgment will be reversed and the cause remanded for another trial.
Reversed and remanded.